UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR09-93-CAS | | Date | May 21, 2012 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| CATHERINE JEANG | ANNE KIELWASSER | J. LANA MORTON-OWENS |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| STEVEN LANCE RANKIN | X | X | | BOB BERNSTEIN ALISON ADAMS | X X | X X | X X |

Proceedings: **DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)** (filed 04/02/12)

## I. INTRODUCTION

On October 18, 2010, this Court accepted defendant Steven Lance Rankin's plea agreement, entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and sentenced defendant to a 180-month term of incarceration. Dkt. No. 46. On April 2, 2012, defendant filed the instant motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. No. 54. The government filed its opposition on April 19, 2012. Dkt. No. 56. The Court heard oral argument on May 21, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Defendant pleaded guilty to Count One of the Indictment in United States v. Steven Lance Rankin, CR09-0093-CAS, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (possession with intent to distribute fifty grams or more of cocaine base in the form of crack cocaine). The plea agreement was reached after lengthy negotiations, which included the government agreeing to dismiss two § 851 sentencing enhancements, and allowing defendant to withdraw a previously signed plea agreement. In the plea agreement, the parties agreed that the appropriate sentence for defendant was 180 months imprisonment, followed by five years supervised release. See Plea Agreement, Dkt. No. 44 ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA      O

**CRIMINAL MINUTES - GENERAL**

The Court accepted the plea agreement, and sentenced defendant to a 180-month term of imprisonment. See Dkt. No. 46. The Court reaffirmed that defendant's total offense level was 27 and that his criminal history category was six. These yielded an advisory guidelines range of 130 to 162 months imprisonment. The government's dismissal of the two § 851 allegations eliminated the application of the 20 year mandatory minimum sentence. Transcript of Oct. 18, 2010 Proceedings at 9–10. Further, as defendant acknowledged through his counsel, he faced a maximum sentence of life imprisonment. Id. at 10.

In accepting the defendant's guilty plea, the Court stated:

Based upon those findings, I now accept your guilty plea, Mr. Rankin and find you guilty of the charges set forth in Count 1 of the Indictment. In this case because we have an 11(c)(1)(C) plea agreement and we have a presentence report, the Court is prepared to proceed to sentencing today. It seems where we are now is that we still have a base offense of 27; is that correct? We just have a different sentence.

Id. at 22–23.

The Court then turned to sentencing, and stated:

I understand that a lot of this happened a while ago, and the sentence is stiff, but fortunately it's somewhat less than where we started out. . . . It is ordered that the defendant shall pay to the United States a special assessment of $100 which is due immediately. All fines are waived as it is found that the defendant does not have the ability to pay. Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant Steven Lance Rankin is hereby committed on Count One of the Indictment to custody of the Bureau of Prisons for a term of 180 months.

Id. at 23–24.

### III. DISCUSSION

Defendant argues that pursuant, to 18 U.S.C. § 3582(c)(2), he is entitled to a reduced sentence under the Fair Sentencing Act of 2010. Defendant argues that the Fair Sentencing Act applies retroactively, and that the Supreme Court explained in Freeman v. United States, 131 S.Ct. 2685 (2011), that a motion pursuant to 18 U.S.C. § 3582(c)(2) is the proper mechanism to move a district court to reduce a sentence affected by the Fair Sentencing Act. Mot. at 9–13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CRIMINAL MINUTES - GENERAL**

In opposition, the government argues that this Court lacks jurisdiction to reduce defendant's sentence because relief is unavailable to a defendant if the defendant pleads guilty to a Rule 11(c)(1)(C) plea agreement and the sentence agreed upon in the Rule 11(c)(1)(C) is not explicitly based on the Sentencing Guidelines. Opp'n at 4–9.

The Court finds that the although defendant's plea agreement references the Sentencing Guidelines, the sentence to which defendant agreed is not explicitly based on the Sentencing Guidelines, and therefore that defendant is not entitled to a reduction of his sentence.

Under Federal Rule of Criminal Procedure 11(c)(1)(C), a court may only "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence Report. Fed. R. Crim. Pro. 11(c)(3)(A). The commentary to USSG § 6B1.2 states that a court can only accept a Rule 11(c)(1)(C) plea agreement "if the court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons." Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court if the court accepts the agreement.

18 U.S.C. § 3582(c) governs a court's ability to modify a term of imprisonment once it has been imposed. It states, in pertinent part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

However, a court's jurisdiction to modify a sentence is limited when the plea agreement was entered into pursuant to Rule 11(c)(1)(C). Indeed, prior to 2011, a district court could not modify a sentence that was imposed following the acceptance of a Rule 11(c)(1)(C) plea agreement. See, e.g., United States v. Bride, 581 F.3d 888, 889–91 (9th Cir. 2009); United States v. Trujeque, 100 F.3d 869, 871 (9th Cir. 1996).

In Freeman, the Supreme Court created a limited exception whereby certain defendants could qualify for reduced sentences despite being sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. A plurality of the Court concluded that a district court may, at least in certain

circumstances, grant Section 3582(c)(2) relief to a defendant who entered into a Rule 11(c)(1)(C) plea agreement.  Freeman 131 S.Ct. 2685.

Justice Kennedy, joined by Justices Ginsburg, Breyer, and Kagan, held that defendants who enter into Rule 11(c)(1)(C) agreements that specify a particular sentence as a condition of the guilty plea are eligible for relief under Section 3582(c)(2).  Id. at 2692–95.

Justice Sotomayor joined in the judgment, but on a limited basis.  Justice Sotomayor explained that relief pursuant to Section 3582(c)(2) should be available only where the Rule 11(c)(1)(C) plea agreement was explicitly based on the sentencing guidelines:

> [I]f a [Rule 11(c)(1)(C) plea] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish he term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)

Id. at 2695 (Sotomayor, J. concurring).  Justice Sotomayor's concurrence "is the controlling opinion" because she "reached this conclusion on the 'narrowest grounds.'"  United States v. Austin, No. 10-10001, Slip. Op. 4273, 4279 (9th Cir. April 18, 2012) (quoting Marks v. United States, 430 U.S. 188, 193 (1977)); United States v. Rivera-Martinez, 665 F.3d 348 (1st Cir. 2011); United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011); United States v. Brown, 653 F.3d 337, 340 & n.1 (4th Cir. 2011).

The narrow exception crafted by Justice Sotomayor does not apply here, because the binding plea agreement does not "expressly use a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment. . . ."  Freeman, 131 S. Ct. at 2695 (Sotomayor, J., concurring).  In the plea agreement, defendant and the government agreed "that an appropriate disposition of this case [was] that the Court impose a sentence of 180 months imprisonment; 5 years supervised release with conditions to be fixed by the Court; and a $100 special assessment."  Plea Agreement ¶ 15.  The sentence imposed here was not based on the Sentencing Guidelines as defendant was always facing a mandatory minimum sentence far in excess of any applicable Guidelines range.  Further, there is no indication that the Sentencing Guidelines had any impact on shaping defendant's final sentence.  In this respect, the Court rejects defendant's contention that his plea agreement was based on the Sentencing Guidelines because it notes that the Court "is required to consider . . . the kinds of sentence and sentencing range established under the Guidelines."  Mot. at 13 (citing Plea Agreement ¶ 13).  This statement is merely a correct statement of the law as this Court was required to consider the Sentencing Guidelines in determining whether to approve the 11(c)(1)(C) plea agreement.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

fact that the Court considered the Sentencing Guidelines does not mean that the sentence was based on those guidelines. Indeed, to find otherwise would mean that all binding plea agreements are "based" on the Sentencing Guidelines simply because courts are required by law to consider the Guidelines.

The Ninth Circuit's recent decision in Austin confirms this result. In Austin, the defendant was charged with possessing more than 50 grams of crack cocaine for sale, being a felon in possession of a firearm, as well as possessing a firearm in furtherance of a drug trafficking offense. Austin, No. 10-10001, Slip. Op. at 4276. The government had also filed an information pursuant to 18 U.S.C. § 851. Id. Based on these charges, the defendant faced a mandatory minimum sentence of at least 25 years. The government and the defendant entered into a binding plea agreement whereby the government would dismiss the felon in possession of firearm count in exchange for defendant's agreement to a sentence of 17 years. Id. at 4276. The defendant filed a motion for reduction of sentence pursuant to the Fair Sentencing Act, which the district court granted. The Ninth Circuit reversed, holding that even though Freeman controlled, defendant's plea agreement was not premised on a Guideline Sentencing range. Id. at 4280. Therefore, the Ninth Circuit held that the district court lacked the jurisdiction to reduce the defendant's sentence.

Accordingly, because the Sentencing Guidelines are not the "foundation for the term of imprisonment" imposed, the Court finds that it lacks jurisdiction to reduce defendant's sentence. Freeman, 131 S.Ct. at 2696 (Sotomayor, J., concurring).

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby denies defendant's motion for reduction of sentence.

IT IS SO ORDERED.

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |